IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUSTIN C. CARDINE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-cv-309-MJR-DGW |
| ) | |
| HOLTEN MEAT, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Before the Court is the Motion to Dismiss and/or Compel Arbitration and Stay Proceedings (Doc. 4) filed by Defendant Holten Meat, Inc. ("Holten"). Plaintiff Justin Cardine's ("Cardine") response was due by June 1, 2010. To date, Cardine has not responded directly to the motion. Thus, pursuant to Local Rule 7.1(c), the Court considers his failure to respond as an admission of the merits of Holten's motion (Doc. 4).[1] Even if Cardine had responded, however, Holten would be entitled to dismissal for lack of subject matter jurisdiction pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1), because the Collective Bargaining Agreement ("CBA") governing Cardine's employment explicitly requires his claims first be referred to arbitration.

When deciding a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), a court must accept as true the factual allegations made in the complaint and construe all reasonable inferences in favor of the plaintiff.[2] *Rueth v. United States Env.*

---

[1] Local Rule 7.1(c) provides in part: "An adverse party in a civil case shall have **30 days** after service of a motion [to dismiss] to file a response.… Failure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."

[2] Pursuant to its December 1, 2010 Order (Doc. 20.), the Court has considered Cardine's complaint as amended by the supplement he attached as an exhibit to his Motion for Leave to Amend (Doc. 16). However, the Court will disregard the supplemental Brief filed by Holten at Doc. 21, because

*Protection Agency*, 13 F.3d 227, 229 (7th Cir. 1993).  However, in determining whether subject matter jurisdiction exists, a court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue." *Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995) (citations omitted).  Here, the resolution of Holten's motion, and the proper disposition of Cardine's claims, turns on the express terms of the CBA between Cardine's union (United Food & Commercial Workers Local #655) and Holten (*see* the CBA, submitted by Holten, at Doc. 4, Ex. 1), which the Court has thoroughly reviewed.[3]

When provisions in a CBA "clearly and unmistakably" require union members to arbitrate both statutory and contractual discrimination claims, they are binding and enforceable. *14 Penn Plaza LLC v. Pyett*, — U.S. —, 129 S.Ct. 1456, 1474 (2009); *see also Jonites v. Exelon Corp.*, 522 F.3d 721, 725 (7th Cir. 2008) (noting that a waiver of statutory rights must be "explicit").  The CBA between Cardine and his union states:

> Should any differences, disputes including safety disputes, or complaints arise over the interpretation or application of the contents of this Agreement *including claims of discrimination* by any employee against the Employer relating to sex, race, religion, age, national origin, handicap, union activity, the family medical leave act and alleged retaliation relating to any workers' compensation act, there shall be an earnest effort on the part of both parties to settle such promptly through the following steps: … Step 4. In the event that the last step fails to settle satisfactorily the complaint, *it shall be referred to arbitration.*

Doc. 4, Ex. 1, ¶ 5.1 (emphasis added).  Further, Article 17 of the CBA provides: "The Employer and the Union agree not to discriminate against any employee for reasons of sex, race, religion, age, national origin, handicap, union activity.  This Section is subject to the grievance and

---

Holten did not properly seek leave of the Court prior to filing this supplement.

[3]The Court notes that the CBA referred to by Holten went into effect on February 16, 2008. Cardine's *pro se* complaint is lacking in detail, including the relevant dates when allegedly he first filed his grievances and his EEOC complaint, but he claims he was demoted, in retaliation for filing an EEOC complaint, on October 11, 2007.  As such, it is unclear whether the CBA applies to Cardine's initial allegations, but it clearly was in effect at the time Cardine filed the instant complaint on April 22, 2010.

arbitration procedure" (Doc. 4, Ex. 1, ¶ 17.1).  The Court finds these terms to "clearly and unmistakably" require union members with discrimination claims, such as Cardine, to step through all of the grievance procedures, the last of which is arbitration.

In his one-page, hand–written *pro se* complaint, Cardine alleges that he was retaliated against for filing an EEOC complaint, and subjected to profanity and "sexual remarks" (Doc. 2-2).  Cardine then asserts, "[w]e tried mediation, but the company refused to mediate with me," and that later, "we tried to conciliate the matter but the company refused to conciliate" (*Id.*).  While these statements are rather convoluted, nowhere does Cardine allege that he submitted his grievances to arbitration.  As a result, he has failed to follow the express terms of the CBA, to which he is a party; specifically, the terms explicitly calling for all unresolved complaints to be referred to arbitration (*see* Doc. 4, Ex. 1, ¶¶ 5.1, 17.1).  And these explicit terms create a binding agreement to arbitrate, which will be enforced by this Court. *Pyett*, 129 S.Ct. at 1474 (2009).

This finding is in line with the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., which the Seventh Circuit Court of Appeals has found to be "a congressional declaration of a liberal federal policy favoring arbitration agreements." *Duthie v. Matria Healthcare, Inc.*, 540 F.3d 533, 536 (7th Cir. 2008) (citation and internal quotation omitted).  Admittedly, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit." *Id.*, *quoting Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002).  However, "[a]s in any contractual negotiation, a union may agree to the inclusion of an arbitration provision in a [CBA] in return for other concessions from the employer, and courts generally may not interfere in this bargained-for exchange."[4] *Pyett*, 129 S.Ct. at 1464.  And, once

---

[4] By contrast, "a *substantive waiver* of federally protected civil rights will not be upheld." *14 Penn Plaza LLC v. Pyett*, — U.S. —, 129 S.Ct. 1456, 1474 (2009) (citations omitted) (emphasis added). However, submitting to arbitration generally is not a substantive waiver of federally protected civil rights "so long as the prospective litigant effectively may vindicate its statutory cause of action in the arbitral

again, under *Pyett*, an arbitration provision that "clearly and unmistakably requires union members to arbitrate [statutory] claims is enforceable as a matter of federal law."[5] *Id.* at 1474.

Here, Cardine's union agreed to the inclusion of an arbitration provision. Further, the explicit terms of the controlling CBA require that all unresolved complaints, including claims of discrimination, shall be referred to arbitration. These clear and unmistakable terms are enforceable, and preclude a federal lawsuit to enforce such statutory claims without first submitting them to arbitration.

Because all of Cardine's claims are subject to arbitration, this Court lacks subject matter jurisdiction. Accordingly, Holten is entitled to dismissal of this case *without prejudice*. However, within 30 days of the final arbitration decision, Cardine may seek judicial review of that decision by this Court by filing a new civil action in this Court. Moreover, if Holten fails to engage in arbitration in good faith, pursuant to the terms of the CBA, or if for some reason the door to arbitrate Cardine's claims is already closed, Cardine may attempt to refile any remaining viable claims as a new civil action in this Court. This case is **DISMISSED WITHOUT PREJUDICE** and the Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

DATED December 3, 2010.

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
United States District Judge

---

forum." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 637 (holding enforceable an arbitration clause in a sales agreement that required antitrust claims under The Sherman Act be submitted to an international arbitrator). Further, an arbitrator's decision is subject to judicial review and may be overturned for "manifest disregard" of the law. *Jonites v. Exelon Corp.*, 522 F.3d 721, 726 (7th Cir. 2008) (citation omitted).

[5]While *Pyett* involved claims under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., ostensibly, this holding applies to other anti-discrimination statutes as well, such as Cardine's claims under Title VII.